UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>SFR INVESTMENTS POOL 1, LLC; MONTEREY SQUARE AT MOUNTAIN'S EDGE HOMEOWNERS ASSOCIATION; DOES INDIVIDUALS I-X, inclusive, ROE CORPORATIONS I-X, inclusive<br><br>                    Defendants. | Case No. 2:15-cv-1042-APG-PAL<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>(DKT. #7) |

Defendant Monterey Square, a homeowners association, moves to dismiss Bank of America's claims on the ground that, according to Nevada Revised Statute 38.310, those claims first must be submitted to mediation. But the mediation provision in N.R.S. 38.310 is designed for disputes between homeowners and homeowners associations—not disputes between beneficiaries of deeds of trust (which Bank of America is) and homeowners associations. In addition, Bank of America is trying to quiet title. It is therefore exempt from the mediation requirements of N.R.S. 38.310. Accordingly, I deny Monterey Square's motion to dismiss.

I.    **BACKGROUND**

Bank of America is the beneficiary of the first deed of trust encumbering the property at 9735 New Utrech Street, Las Vegas. (Dkt. #1 at 4, #1-1.) When the owner of the property defaulted on her obligations to pay HOA fees to Monterey Square, Monterey Square started foreclosure proceedings. (Dkt. #7 at 3.) Bank of America claims its effort to pay the super-priority amount of the HOA fees was improperly rejected by Monterey Square. (Dkt. #1-6.)

On September 26, 2012, Monterey Square foreclosed on the property. (Dkt. #1-6.) Six months later, it recorded a quitclaim deed transferring its interest in the property to defendant SFR Investments. (Dkt. #1-7.)

Bank of America alleges that the foreclosure was invalid and therefore did not extinguish its deed of trust. (Dkt. #11 at 4.) Having asserted, in its original complaint, a cause of action for breach of the CC&Rs,[1] it amended its complaint to focus instead on causes of action for: (1) declaratory relief/quiet title, (2) breach of N.R.S. 116.1113, (3) wrongful foreclosure, and (4) injunctive relief. (Dkt. #10 at 7-15.)

## II.   DISCUSSION

Monterey Square moves to dismiss Bank of America's claims on the ground that this court lacks jurisdiction. In its view, many of the claims require the interpretation, application, or enforcement of the CC&Rs, which would mean that all of them would first have to be submitted to mediation through the Nevada Real Estate Department, pursuant to N.R.S. 38.310.

There is no indication, however, that N.R.S. 38.310 applies to beneficiaries of deeds of trust. Judge Jones noted this in *U.S. Bank Nat. Ass'n v. NV Eagles, LLC*: "The statute" he held, "clearly applies to homeowners who are in disagreement with their HOAs regarding the interpretation and effect of applicable CC&Rs." Case No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (citing *Hamm v. Arrowcreek Homeowner's Ass'n*, 183 P.3d 895, 900 (Nev. 2008)). Legislative history supports this holding. At the initial legislative hearing, the statute's prime sponsor described its purpose:

> Mr. Schneider, the prime sponsor of [the statute], stated it is a form of dispute resolution which developed as a result of his working closely with property management associations. Over the past year, he has been privy to problems arising in the associations for the homeowners, by the homeowners. The associations have developed their own constitutions which are referred to as covenants, conditions, and restrictions (CC&Rs). Although these associations have flourished and existed with encouragement, there are personality problems and management problems between the board and the residents. As a result, many lawsuits are being filed which could be resolved in some sort of dispute resolution such as arbitration. Dispute resolution may bring about results in 30 to 45 days rather than the years it takes [for] a lawsuit to proceed through District Court.[2]

---

[1] (Dkt. #1 at 10.)

[2] http://www.leg.state.nv.us/Session/68th1995/minutes/AJD214.txt. (Minutes of Meeting of Assembly Judiciary Committee: February 14th, 1995.)

Nowhere is there any mention of beneficiaries of deeds of trust. Instead, the statute targets disputes "between the board and the residents." Case No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3

Just as Judge Jones ruled in *NV Eagles*, "[t]his case is not based upon an interpretation of the HOA's CC&Rs, and any interpretation thereof required to resolve the dispute between [Bank of America] and the various Defendants is ancillary to the issue of paramount concern: was [Bank of America's] deed of trust extinguished by the HOA's foreclosure sale?"

Moreover, the Supreme Court of Nevada has held that quiet title actions are exempt from N.R.S. 38.310 because a quiet title claim requires the court to determine who holds superior title to a particular parcel of land. *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). N.R.S. 38.310 is not a barrier to Bank of America's effort to quiet title to the subject property.

Monterey Square also argues that it is not a proper party to Bank of America's quiet title claim because it no longer holds title to the property. After foreclosing, it quitclaimed its interest to SFR Investments. But central to Bank of America's complaint is its allegation that the foreclosure was invalid. (*See* Dkt. #10 at 11-14.) It challenges the validity of the sale Monterey Square requested and the corresponding nature and scope of the title Monterey Square acquired and eventually quitclaimed to SFR. If the foreclosure sale is invalidated, Monterey Square's lien might be reinstated as an encumbrance against the property, and the priority of that lien might still be in doubt. Thus, if Monterey Square were dismissed as a party, Bank of America would not be able to secure the complete relief it seeks. Accordingly, Monterey Square is a proper party, and its motion to dismiss is denied.

////

////

////

////

////

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Monterey Square's motion to dismiss **(Dkt. #7) is DENIED**.

DATED this 19th day of October, 2015.

                                                  _____
                                                  ANDREW P. GORDON
                                                  UNITED STATES DISTRICT JUDGE