# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| Plaintiff, | ) Case No. 2:15-cv-01042-APG-GWF |
| vs. | ) **ORDER** |
| SFR INVESTMENTS POOL 1 LLC; MONTEREY SQUARE AT MOUNTAIN'S EDGE HOMEOWNERS ASSOCIATION, | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff Bank of America, N.A.'s Motion for Protective Order from the 30(b)(6) Deposition (#33), filed on March 18, 2016. Defendant SFR Investment Pool 1, LLC ("SFR") filed its Opposition (#37) on April 13, 2016 and Plaintiff filed its Reply (#40) on April 20, 2016. The Court conducted a hearing in this matter on April 20, 2016.

## BACKGROUND

This action arises out of the foreclosure of a homeowners' association (HOA) lien on a residential property resulting from the homeowner's failure to pay HOA assessment fees, collection fees, attorneys fees, interest, late fees and service charges. The property was subject to a first deed of trust securing a promissory note for the purchase of the property. The loan was originally made by Countrywide Bank FSB, which subsequently merged with Bank of America, and was insured by the FHA. Although the homeowner also defaulted on the promissory note, Bank of America did not commenced foreclosure proceedings on the first deed of trust prior to the HOA lien foreclosure sale on September 26, 2012. *First Amended Complaint (#10), pg. 4*, ¶¶ 13-15.  Bank of America does not dispute that it received the notice of trustee's sale prior to the date of the sale.  The notice of

trustee's sale stated that the amount due to the HOA was $2,869.00. Bank of America alleges, however, that the notice of trustee's sale and the prior notice of default and election to sale did not specify the amount that was subject to the HOA's super priority lien under Nevada Revised Statute (NRS) § 116.31162(1)(b)(1). Bank of America attempted to obtain this information from the HOA's agent who refused to provide it. Based on the ledger that the HOA's agent did provide, however, Bank of America determined that the total amount of assessments covered by super priority lien was $522.00. Bank of America tendered this amount to the HOA on May 24, 2012, but it refused to accept the tender. The HOA purchased the property at the foreclosure sale on September 26, 2012 for $4,485.00. The HOA subsequently transferred the property to SFR on April 3, 2013. *Id., pgs. 4-7, ¶¶ 18-32.*

Bank of America seeks a declaratory judgment that its first deed of trust was not extinguished by the September 24, 2012 HOA lien foreclosure sale. Bank of America alleges that (1) NRS Chapter 116 violates its right to procedural due process under the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8 of the Nevada Constitution; (2) the Supremacy Clause of the United States Constitution bars extinguishment of the senior deed of trust which is insured under the FHA insurance program; (3) the foreclosure sale did not extinguish the deed of trust because Bank of America tendered the super priority amount to the HOA prior to the trustee's sale; and (4) the foreclosure sale was commercially unreasonable and otherwise failed to comply with the good faith requirements of NRS § 116.1113.

SFR's business involves the purchase of residential properties at HOA lien foreclosure sales. It is a party in numerous actions filed in this district contesting whether the foreclosure of an HOA super priority lien extinguished a senior deed of trust on the property. Plaintiff Bank of America is the opposing party in several of those actions. *See e.g. Bank of America, N.A. v. SFR Investments Pool 1, LLC*, Case No. 2:15-cv-1097-GMN-NJK; *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, Case No. 2:15-cv-1768-JCM-CWH; *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, Case No. 2:15-cv-1771-APG-VCF; *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, Case No. 2:16-cv-262-APG-PAL; and *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, Case No. 2:16-cv-393-APG-NJK. It is the Court's understanding that SFR has conducted or is conducting

discovery in each of these cases similar to its discovery in this case, including taking the Rule 30(b)(6) deposition of the Bank.

On February 26, 2016, SFR served 23 interrogatories, 20 requests for admissions and 22 requests for production of documents on Bank of America. *Motion for Protective Order (#33), Exhibits 2, 3 and 4*. That same day, SFR also served a Notice of 30(b)(6) Deposition of Bank of America, N.A. which listed 20 topics for the deposition. *Id., Exhibit 7*. The notice called for Bank of America to produce its designee(s) for the deposition at SFR's counsel's office in Las Vegas, Nevada on April 4, 2016. The topics listed in the deposition notice overlap the inquiries made in the interrogatories, as well as the matters on which requests for admission were sought. They also relate to the documents that Bank of America was requested to produce. Bank of America served its responses to SFR's written discovery requests on April 1, 2016. Bank of America asserted objections to several of the requests for admissions but, for the most part, admitted or denied the requests subject to the stated objections. In some instances, Bank of America qualified its admissions. Bank of America also objected to some of SFR's interrogatories, but then answered them subject to its stated objections. Likewise, Bank of America objected to some of the requests for production of documents, but stated that it had or would provide documents responsive to the requests subject to its objections. The validity of Bank of America's objections or the sufficiency of its responses to SFR's written discovery requests are not presently before the Court.

In its Motion for Protective Order (#33), Bank of America requests the following: First, it requests that the Rule 30(b)(6) deposition be precluded in its entirety on the grounds that it is duplicative of SFR's interrogatories and requests for admissions, and is therefore unduly burdensome and not proportional to the needs of the case. Second, Bank of America requests that if the Court permits SFR to take a Rule 30(b)(6) deposition that the Court limit the topics and preclude inquiry on certain irrelevant topics. Third, if the Court permits the Rule 30(b)(6) deposition, Bank of America requests that its designee be permitted to appear for the deposition in Dallas, Texas where she resides and works. Bank of America also proposes that the deposition be conducted by video-conferencing so that counsel for SFR and the co-defendant HOA do not have to travel to Texas to attend the deposition unless they wish to do so. SFR opposes the motion for protective order on all

three grounds. It argues that it is entitled to depose Bank of America on the listed topics regardless of the fact that it has served written discovery requests relating to the same matters. SFR argues that all of the deposition topics are relevant and proper subjects for inquiry. Finally, SFR argues that Bank of America, as Plaintiff, should be required to produce its deposition designee(s) in Las Vegas, Nevada. SFR contends that remote video-conferencing is not an adequate substitute for an in-person deposition, because of the inability to adequately observe the deponent and other persons in the room, and determine whether the deponent is being coached by someone off-camera.

## DISCUSSION

Bank of America bases its motion for preclusion of the Rule 30(b)(6) deposition on amended Rule 26(b) which states as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

In *Roberts v. Clark County School District*, 312 F.R.D. 594, 601-04 (D.Nev. 2016), the court discusses the efforts made by the Supreme Court and the Advisory Committee on Civil Rules since the late 1970s to encourage trial courts to exercise their broad discretion to limit and tailor discovery to avoid abuse and overuse, and to actively manage discovery to accomplish the goal of Rule 1 "'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.*, at 602. The court discussed Chief Justice Roberts' 2015 Year-End Report in which he stated that the changes to Rule 26(b) "'may not look like a big deal at first glance, but they are.'" *Id.,* at 603. As discussed in *Roberts*, the Chief Justice's Year-End Report also stated:

> The 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary and wasteful discovery. This requires active involvement of federal judges to make decisions regarding the scope of discovery.

*Roberts*, 312 F.R.D. at 603.

Rule 26(b)(2)(C)(i) provides that on motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

After some delay in filing a proposed discovery plan and scheduling order in this case, the parties did so on October 13, 2015. The scheduling order set a discovery cut-off date of April 14, 2016. *Scheduling Order (#21).* SFR then waited four months before serving its written discovery requests on February 26, 2016 which meant that Bank of America's responses were not due until 47 days before the expiration of discovery. This gave SFR little time to request supplementation to discovery responses that it believed were insufficient or to meet and confer with Plaintiff about objections that may be invalid. It also provided little time in which to assess what additional discovery, including depositions, might be needed based on the information provided in the written discovery responses.

SFR's Rule 30(b)(6) deposition notice is tailored to the needs of the case only to the extent that it identifies relevant or arguably relevant topics of inquiry. Because it was served contemporaneously with SFR's written discovery requests, however, it was not reasonably tailored to inquire into those factual or legal issues that were not fully or adequately covered by Bank of America's written discovery responses. The deposition notice requires Bank of America to prepare its designee(s) to testify on the same matters covered by the interrogatories and requests for admissions without any limitation to those factual or legal issues on which SFR might reasonably need follow-up testimony from the Bank's designee. The Court agrees with Bank of America that most of the significant issues in this case will likely to be determined on the basis of the written documents with some additional testimony relating to those documents. The document evidence, for example, establishes the amount and elements of the HOA lien, the date the trustee's sale was noticed, whether Bank of America received notice of the trustee's sale, and whether it tendered payment of the full amount subject to the super priority lien. While some deposition testimony may reasonably be needed on these issues, SFR's approach in serving a duplicative Rule 30(b)(6)

deposition notice contemporaneous with its initial written discovery requests violates the requirement of Rule 26(b) that discovery be reasonably tailored and proportional to the needs of the case.

The Court agrees with Bank of America that topics 17, 18 and 19 which ask Plaintiff to state the factual basis for its allegations that the first deed of trust was not extinguished by the HOA foreclosure sale; that SFR was not a bona fide purchaser for value, and that the circumstances surrounding the HOA foreclosure sale constitute fraud, oppression or unfairness, are more properly addressed through contention interrogatories. Federal district courts have been divided on whether a Rule 30(b)(6) deposition is an appropriate vehicle to obtain the factual basis for a party's legal claims or defenses, or whether such information can be better and more fairly obtained through contention interrogatories. In *U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 435 (D.Nev. 2006), the court quoted the statement in *Security Ins. Co. of Hartford v. Trustmark Ins.*, 218 F.R.D. 29, 34 (D.Conn. 2003) that '[i]t is of no consequence that contention interrogatories may be the more appropriate route to obtain the information as nothing precludes a deposition either in lieu of or in conjunction with such interrogatories." This statement no longer has substantial weight given the emphasis placed on proportionality and the tailoring of discovery under amended Rule 26(b). Other courts have required a party to serve contention interrogatories in lieu of a Rule 30(b)(6) deposition where the topic requires the responding party to provide its legal analysis on complex issues. *See TV Interactive Data Corp. v. Sony Corp.*, 2012 WL 1413368, *2 (N.D. Cal. August 23, 2012). An adequate response to topics 17, 18 and 19 requires substantial input and preparation by Plaintiff's counsel in assembling and organizing the facts that support each of the legal conclusions identified in those topics. Responses to these inquiries can clearly be provided more efficiently and fairly through answers to interrogatories prepared by the Bank's legal counsel. The Court will therefore permit SFR to serve additional interrogatories on Bank of America in lieu of deposition topics 17, 18, and 19.

The Court also agrees with Bank of America that Topic 2 is irrelevant to the extent it asks the Bank to testify about the price it paid to obtain its interest in the property. SFR is entitled to conduct reasonable discovery to determine whether Bank of America, in fact, is legally entitled to enforce the

first deed of trust. The price it paid to obtain its interest, however, is not relevant to whether the HOA foreclosure sale price was commercially reasonable. Commercial reasonableness in this context is determined by comparing the foreclosure sale price to the fair market value of the property at the time of sale. *Shadow Wood Homeowners Assoc., Inc. v. New York Comm. Bankcorp, Inc.*, 366 P.3d 1105, 2016 WL 347979, at *6, 132 Nev.Adv.Op. 5 (2016).

The Court will therefore grant Bank of America's motion for protective order to preclude the Rule 30(b)(6) notice as drafted because it is not reasonably tailored to the needs of the case and is unnecessarily duplicative. Despite SFR's belated initiation of discovery, the Court will not entirely preclude it from conducting a Rule 30(b)(6) deposition. SFR is now in possession of the Bank's written discovery responses. Those responses may provide SFR with legitimate grounds to either seek supplementation of the written responses, conduct a follow-up Rule 30(b)(6) deposition, or possibly both. The parties should meet and confer on these matters and attempt to reach an agreement on further discovery consistent with the principles of Rule 26(b).

Assuming that SFR hereafter proceeds with a Rule 30(b)(6) deposition of Bank of America, the Court must decide whether Plaintiff should be required to produce its designee in Las Vegas, Nevada as demanded by SFR. The Bank argues that it should be permitted to produce its designee for deposition in Dallas, Texas where she works and resides. In support of its motion, the Bank relies on cases involving the depositions of employees of a corporate defendant. *See SEC v. Banc de Binary*, 2014 WL 1030862, *3 (D.Nev. March 14, 2014) and *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 362, 363 (D.Conn. 2005). As stated in *Morin*, "generally, where the plaintiff seeks to depose the defendant at a location other than the defendant's place of business, and defendant objects, the plaintiff has the affirmative burden of demonstrating particular circumstances which compel the court to order the depositions to be held in an alternative location." *Id.* The general rule is to the contrary, however, where a plaintiff requests that his or her deposition be taken in a location other than the forum and/or that it be conducted by telephone or other remote means. In *U.S. v. Rock Springs Vista Development*, 185 F.R.D. 603, 604 (D.Nev. 1999), the court quoted Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2112 (1994) that as a general rule, the plaintiff will be required to make himself or

herself available in the district in which the suit is brought. The rule is based on the proposition that because the plaintiff selected the forum in which the suit was brought, he or she should not be heard to complain about having to appear there for deposition. This rule need not be adhered to, however, if plaintiff can show good cause for not being required to come to the district where the action is pending.

*Rock Springs* involved a situation in which the intervenors, who were in effect plaintiffs, were seeking significant individual monetary relief. The intervenors requested that their depositions be conducted by telephone due to the burden and expenses of traveling to the forum. The court agreed with defendants that they were entitled to personally observe the intervenors during their depositions. The court also held that the intervenors failed to demonstrate that they would be unduly burdened if required to appear in the forum for their depositions. *See also Dieng v. Hilton Grand Vacations Co., Inc.*, 2011 WL 812165, *1 (D.Nev. March 1, 2011) (denying an individual plaintiff's motion to appear for deposition in Massachusetts or by telephone where she had not demonstrated undue hardship in being required to appear in the forum). Other courts have been more willing to permit a plaintiff or its personnel to appear for deposition by telephone or other remote means to avoid the burden and expense of travel. *See Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 446-47 (W.D.Mich. 1993) (court permitted plaintiff's managerial employees who resided in Europe to appear for deposition by telephone).

The Court will permit Bank of America to produce its designee for the Rule 30(b)(6) deposition in Dallas, Texas where she resides and works on condition that the deposition be conducted by video-conference so that the parties' counsel can participate without the need to travel to Texas unless they so desire. The deposition involves a Rule 30(b)(6) designee rather than an individual plaintiff or a plaintiff's managerial employee. Although issues of credibility and demeanor are still present, they are not as significant as when the deponent is the individual plaintiff or key employee personally involved in the disputed events at issue. Bank of America and SFR are involved in several cases in this district involving substantially similar factual and legal issues. As the Court understands it, the same designee for the Bank has testified or will testify on the same or similar topics in each of these cases. The principal evidence is documentary and the designee's

testimony is likely to be determined by those documents. In addition, SFR has requested the opportunity to inspect the original promissory note which may be located in Texas. Thus, SFR's counsel may need to travel to Texas, in any event, to inspect the promissory note. This travel can and should be coordinated with the taking of the Rule 30(b)(6) deposition. Given these circumstances, the interest of convenience and the avoidance of unnecessary burden and expense favor allowing the Bank's designee to appear in Dallas, Texas. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Protective Order from the 30(b)(6) Deposition (#33) is **granted** as follows:

1. The Court precludes the taking of Plaintiff's Rule 30(b)(6) deposition on the topics set forth in the Notice of 30(b)(6) Deposition of Bank of America, N.A., served on February 26, 2016. The Court will, however, permit Defendant to take the Rule 30(b)(6) deposition of Plaintiff on the condition that Defendant limits the number and scope of topics to matters reasonably necessary to follow-up on Plaintiff's written discovery responses. Prior to noticing the deposition, Defendant shall meet and confer with Plaintiff in an effort to reach agreement on the number and scope of the deposition topics.

2. Defendant may serve contention interrogatories on Plaintiff in lieu of Topics 17, 18 and 19 in the Notice of 30(b)(6) Deposition of Bank of America, N.A., served on February 26, 2016.

3. Plaintiff's relevancy objection to Topic 2 regarding the price that Plaintiff paid to obtain its interest in the property is sustained.

4. Plaintiff's designee on the Rule 30(b)(6) deposition may appear for the deposition in Dallas, Texas subject to the deposition being conducted by video conference.

5. Within seven (7) days of the filing of this Order, the parties shall submit a proposed stipulation and order to extend the discovery cut-off date and other scheduling deadlines to conduct discovery in accordance with this order.

DATED this 12th day of May, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge