|    |    |    |
|----|----|----|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |
| BANK OF AMERICA, N.A., | | Case No.: 2:15-cv-01042-APG-EJY |
| Plaintiff | | **Order (1) Denying SFR's Motion for Summary Judgment, (2) Granting in Part Monterey Square's Motion for Summary Judgment, (3) Granting Bank of America's Motion for Summary Judgment, and (4) Dismissing as Moot Damages and Third Party Claims** |
| v. | | |
| SFR INVESTMENTS POOL 1, LLC, et al., | | |
| Defendants | | |
| | | [ECF Nos. 101, 102, 103] |

Plaintiff Bank of America, N.A. sues to determine whether a deed of a trust still encumbers property located at 9375 New Utrecht Street in Las Vegas following a non-judicial foreclosure sale conducted by the homeowners association (HOA), defendant Monterey Square at Mountain's Edge Homeowners Association (Monterey Square). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property from Monterey Square after the foreclosure sale. Bank of America asserts a declaratory relief claim against all defendants and damages claims against Monterey Square, who filed a third party complaint against its foreclosure agent, Alessi & Koenig LLC (Alessi). SFR counterclaims for declaratory relief and to quiet title.[1]

All parties[2] move for summary judgment, raising a variety of arguments. The parties are familiar with the facts so I do not repeat them here except where necessary. I deny SFR's motion and grant Bank of America's motion because no genuine dispute remains that Bank of America tendered the superiority amount and thus the HOA foreclosure sale is void as to the

---

[1] SFR also asserted a claim for slander of title, but it abandoned that claim. ECF No. 102 at 3 n.1.
[2] Alessi was defaulted and it has not participated further in the case. ECF No. 91.

deed of trust. I grant in part Monterey Square's motion because the sale will not be set aside, so it is no longer a proper party to Bank of America's declaratory relief claim. I dismiss as moot Bank of America's damages claims against Monterey Square and Monterey Square's third party claims against Alessi.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To

be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Bank of America has met its burden of establishing it paid the superpriority amount in full. The monthly homeowners association (HOA) assessment was $58 per month. ECF No. 101-6 at 12. Prior to the HOA foreclosure sale, Bank of America tendered $522 to Alessi to cover the superpriority amount of nine months of assessments. *Id.* at 15-20. SFR has presented no contrary evidence in response. Consequently, no genuine dispute remains that the superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

SFR raises several arguments as to why tender did not extinguish the deed of trust. None raises a genuine dispute precluding summary judgment.

**A. Evidentiary Challenges**

SFR contends the Alessi documents attached to the affidavit of Adam Kendis, a paralegal for the law firm Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer), are unauthenticated and inadmissible hearsay because Kendis is not a custodian of records for Alessi. It also argues the Alessi letter is hearsay within hearsay because it contains information that Alessi obtained from Monterey Square. It also contends that because neither Kendis nor Alessi actually worked for Monterey Square, neither can attest to what the superpriority amount actually was. SFR also asserts that the Kendis affidavit is suspect because Bank of America's attorneys have access to Miles Bauer's database, which they could have altered. Bank of America responds that Kendis need not be a custodian of records to authenticate the documents attached to his affidavit or to satisfy the business records exception and that Kendis has adequately authenticated the documents.

Bank of America has presented sufficient proof from which a reasonable jury could find the ledger from Alessi "is what its proponent claims." Fed. R. Evid. 901(a). Kendis states he has personal knowledge of Miles Bauer's procedures for creating and maintaining its business records and he sets forth the prerequisites for the business records exception to hearsay. ECF No. 101-6 at 2; Fed. R. Evid. 803(b). The business records exception does not require that the custodian of records for the business that created the document be the one to authenticate it. *See MRT Const. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998). Rather, someone from another business (like Miles Bauer) who relied upon the accuracy of the business record may properly authenticate it. *Id.* Miles Bauer's records show it requested the superpriority amount from Alessi and Alessi responded by providing the ledger, which Miles Bauer then used to calculate the superpriority amount for its tender. *Id.* at 6-16.

Additionally, Alessi's Rule 30(b)(6) witness, David Alessi, was questioned about the ledger at his deposition. ECF No. 101-13 at 7-8. As Mr. Alessi stated, the superpriority amount could be determined by looking at the ledger, identifying the monthly assessment amount, and multiplying that by nine months. *Id.* Bank of America thus has presented evidence of the superpriority amount. Although SFR contends this is hearsay because Alessi must have obtained that information from Monterey Square, Bank of America need not present the evidence in admissible form at summary judgment. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). Bank of America could call a witness from Monterey Square to identify the monthly assessment amount. Because the evidence could be presented in admissible form at trial, I may consider it at summary judgment. *Id.* SFR has

presented no evidence to suggest the monthly assessment amount is anything other than what Alessi (who was Monterey's foreclosure agent) told Bank of America it was through the ledger.

Finally, SFR's argument that I should disregard the documents because Bank of America's attorneys have access to Miles Bauer's database is unsupported. Just because a record can be altered does not mean it was, and SFR has presented no evidence to that effect. "[M]ere speculation cannot raise an issue of fact." *Emeldi v. Univ. of Oregon*, 698 F.3d 715, 728 (9th Cir. 2012).

**B. Standing**

SFR contends Bank of America lacks standing to enforce the note and deed of trust because it has not produced the original note, deed of trust, and a certified copy of the assignment. SFR contends Bank of America cannot rely on the recorded documents or copies of those documents because in other cases it has been shown that recorded documents were inaccurate or inauthentic. It also argues Bank of America must establish that the note and deed of trust have been reunified through valid transfers to Bank of America.

Bank of America responds that it does not seek to enforce the note in this action so arguments about the note are irrelevant. Bank of America contends it is undisputed that it is the beneficiary of record for the deed of trust and SFR has presented no evidence to the contrary. And it contends that regardless of what may have happened in other cases, there is no evidence that the records in this case have similar deficiencies.

The question in this case is not whether Bank of America could presently foreclose. The question is whether Bank of America has a sufficient interest in the deed of trust that it has standing to seek declaratory relief as to the continuing validity of the deed of trust. Bank of America is the beneficiary of record. ECF Nos. 102-1; *see also* ECF No. 102-1 (affidavit of

authority to exercise sale identifying Bank of America as the holder of the note and beneficiary of record). It therefore has standing to seek a declaration that the deed of trust remains an encumbrance on the property. SFR's contention that some documents in other cases have been shown to be incorrect or inauthentic does not raise an issue of fact in this case. SFR must show "more than metaphysical doubt as to the material facts," and it "has not done so here." *Berezovsky v. Moniz*, 869 F.3d 923, 933 (9th Cir. 2017) (quotation omitted). Speculation that there might be errors is insufficient to preclude summary judgment. *Emeldi*, 698 F.3d at 728.

### C. Two Superpriority Liens

SFR argues that this particular property was subject to two HOAs and thus Bank of America had to pay the superpriority amount for both to preserve its deed of trust. However, Bank of America has presented evidence it did so. ECF No. 109-1 at 4, 9, 12-18. SFR presents no contrary evidence. No dispute remains that both superpriority liens were satisfied.

### D. Impermissible Conditions

SFR contends Chapter 116 precludes the HOA from entering into a contract with Bank of America that would waive the HOA's rights to a superpriority lien. Specifically, SFR argues that the Miles Bauer tender letter contained an impermissible condition that the HOA waive or subordinate its right to the portion of the superpriority lien consisting of maintenance and nuisance abatement charges. Bank of America responds that the Supreme Court of Nevada has already found an identical Miles Bauer letter to be a valid tender. Additionally, Bank of America notes that arguments about maintenance or nuisance abatement charges are irrelevant because there is no evidence of these types of charges related to this property and any such charges arising later would not be part of the superpriority lien unless the HOA filed a new notice of delinquent assessment lien.

The Supreme Court of Nevada has held that where, as here, there is no evidence of maintenance or nuisance abatement charges, identical Miles Bauer letters did not impose impermissible conditions on tender. *See Bank of Am., N.A.*, 427 P.3d at 117-18; *BDJ Investments, LLC v. Bank of Am., N.A.*, No. 76481, 448 P.3d 573, 2019 WL 4392466, at *1 (Nev. 2019) ("Because nothing in the record indicates that the HOA had incurred any maintenance or nuisance abatement charges at the time the tender was made, the letter cannot reasonably be construed as forcing the HOA to waive its right to afford superpriority status to any such charges that might be assessed in the future."); *Alliant Commercial, LLC v. Bank of New York Mellon*, No. 76565, 443 P.3d 544, 2019 WL 2725620, at * (Nev. 2019) ("Assuming without deciding that the tender contained a misstatement of law, such a misstatement is not an impermissible condition as it does not require anything of the HOA for the HOA to be able to accept the tender. Furthermore, no such [maintenance and nuisance abatement] charges are at issue in this case. Thus, the purported misstatement does not alter the tender's legal effect."). Because there is no evidence of maintenance or nuisance abatement charges, the tender letter did not contain impermissible conditions. Additionally, if such charges arose later, Monterey Square "would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status." *Doreen Properties, LLC v. U.S. Bank Nat'l Ass'n as Tr. for Holders of Bear Sterns Alt-A Tr. 2006-3*, No. 75885-COA, 2019 WL 2474893, at *1 (Nev. App. June 12, 2019) (citing *Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 401 P.3d 728, 731-32 (2017) (en banc) (stating that the HOA is not limited to one superpriority lien but it must initiate a new foreclosure process to enforce a second superpriority default).

////

////

### E. Equities and Bona Fide Purchaser

SFR argues that even if Bank of America tendered the superpriority amount, I still must balance the equities before setting aside the sale, which would include an evaluation of SFR's bona fide purchaser status as well as equitable doctrines such as waiver, estoppel, and unclean hands. SFR contends Bank of America waived its tender argument because it failed to file suit until more than three years after it tendered and during that time it asserted in other cases that the HOA did not have a superpriority lien. SFR argues Bank of America should be estopped from asserting tender and has unclean hands because it knew it had tendered, SFR had no knowledge of the tender, and Bank of America did nothing to either stop the sale or apprise potential purchasers of the tender.

Bank of America responds that because its tender extinguishes the superpriority lien as a matter of law, I should not balance the equities or consider SFR's status as a bona fide purchaser. Alternatively, Bank of America argues that if I do, I should rule in its favor because it tendered, Alessi wrongfully rejected tender, and the sale price was grossly inadequate. It also argues it should not be estopped because it did what it was supposed to do by tendering and it was not required to thereafter file suit to preserve the deed of trust.

"[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* For these same reasons, I do not weigh the equities if tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the

operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019). SFR has not pointed to a single case where, after finding valid tender, the Supreme Court of Nevada then engaged in a balancing of the equities. Instead, that court has consistently held that tender voids the sale as to the deed of trust by operation of law and as a result bona fide purchaser status is irrelevant, and it has engaged in no further inquiry or balancing.

Finally, Bank of America "has not waived its right to protect its deed of trust, is not estopped from asserting that right, nor does it have unclean hands because it allowed [the HOA's] foreclosure to proceed without interceding to halt the foreclosure" because Bank of America satisfied the superpriority portion of the lien before the foreclosure, so it "was under no obligation to intercede or halt the foreclosure once it protected its own interest." *Bank of New York Mellon v. Green Valley S. Owners Ass'n, No. 1*, No. 2:17-CV-2024-KJD-EJY, 2019 WL 4393356, at *6 (D. Nev. Sept. 13, 2019); *see also Bank of America, N.A.*, 427 P.3d at 119-21 (tender need not be recorded or deposited into court).

In sum, Bank of America has met its initial burden at summary judgment in showing no genuine dispute remains that it tendered the superpriority portion of the HOA's lien, thereby rendering the sale void as to the deed of trust. SFR has not presented evidence raising a genuine dispute in response. Consequently, SFR purchased the property subject to Bank of America's deed of trust.

**F. Damages Claims**

Because the sale will not be set aside, I grant in part Monterey Square's motion to the extent that it is no longer a proper party to Bank of America's declaratory relief claim. Additionally, because the deed of trust was not extinguished, I dismiss as moot Bank of

America's damages claims against Monterey Square as well as Monterey Square's third party claims against Alessi.

**II. CONCLUSION**

I THEREFORE ORDER that defendant SFR Investments Pool 1, LLC's motion for summary judgment **(ECF No. 102) is DENIED**.

I FURTHER ORDER that defendant Monterey Square at Mountain's Edge Homeowners Association's motion for summary judgment **(ECF No. 103) is GRANTED in part**. The motion is granted as to plaintiff Bank of America, N.A.'s declaratory relief claim.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s motion for summary judgment **(ECF No. 101) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Bank of America, N.A. and against defendant SFR Investments Pool 1, LLC as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on September 26, 2012 did not extinguish the deed of trust, and the property located at 9375 New Utrecht Street in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s damages claims against defendant Monterey Square at Mountain's Edge Homeowners Association and third party plaintiff Monterey Square at Mountain's Edge Homeowners Association's claims against third party defendant Alessi & Koenig LLC **are DISMISSED as moot**.

I FURTHER ORDER the clerk of court to close this case.

DATED this 13th day of November, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE